| | |
|---|---|
| 1 | Alan D. Smith, CSBA 89112 |
| | ADSmith@perkinscoie.com |
| 2 | Jeffrey S. Goodfried, CSBA 253804 |
| | JGoodfried@perkinscoie.com |
| 3 | PERKINS COIE LLP |
| | 1888 Century Park East, Suite 1700 |
| 4 | Los Angeles, CA 90067 |
| | Telephone: 310.788.9900 |
| 5 | Facsimile: 310.788.3399 |
| 6 | Attorneys for U.S. Bank National Association, |
| | as Trustee for the Registered Holders of |
| 7 | Wachovia Bank Commercial Mortgage Trust, |
| | Commercial Mortgage Pass-Through |
| 8 | Certificates, Series 2004-C14 |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | | |
|---|---|---|
| 14 | In re Summer View Sherman Oaks, LLC, a Delaware limited liability company, | CASE NO. 1:11-BK-19800-AA |
| 15 | | Chapter Number: 11 |
| 16 | Debtor. | **MOTION FOR 11 U.S.C. § 543(d)(1) RELIEF FROM TURNOVER OF PROPERTY (AND TO THE EXTENT NECESSARY FOR RELIEF FROM AUTOMATIC STAY)** |
| 19 | | [11 U.S.C. § 453(d)] |
| 20 | | [Filed concurrently with Memorandum of Points and Authorities; Declarations of Andrew Hundertmark and Jeffrey S. Goodfried in Support Thereof] |
| 23 | | Date: September 28, 2011 |
| | | Time  10:00 a.m. |
| | | Place: Courtroom 303 |
| | | 21041 Burbank Blvd. |
| | | Woodland Hills, California |
| | | Before the Hon. Alan M. Ahart |

60642-0445.0001/LEGAL21630094.1

1    Secured creditor U.S. Bank National Association, as Trustee for the Registered
Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2004-C14 ("U.S. Bank" or "Lender") hereby moves the Court pursuant to 11 U.S.C. § 543(d)(1) for an Order excusing a court-appointed rents and profits receiver from turning over certain property of debtor Summer View Sherman Oaks, LLC (the "Debtor") as follows:

1.   On or about April 28, 2011 the Superior Court of California, County of Los Angeles, appointed on an *ex parte* basis (the "*Ex Parte* Order") Clyde Holland of Holland Residential (the "Receiver") as a receiver for the certain property located in Los Angeles County at 15353 Weddington Street, Sherman Oaks, California 91411 (the "Property"), and more particularly described in <u>Exhibit A</u> attached hereto.

2.   After timely notice and an opportunity to be heard, on or about May 24, 2011, the Superior Court of California confirmed the appointment of the Receiver.

3.   On or about August 15, 2011, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

4.   A Bankruptcy Court can excuse a court-appointed receiver from turning over property of a debtor "if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property . . . ."

5.   The interests of the Debtor's creditors would be better served through allowing the Receiver to retain possession of the Property pursuant to the *Ex Parte* Order for the following reasons:

(a)   It appears over $300,000 in rents was collected during the pre-receivership period, but not used in connection with the Property, not paid to the Lender as required under the Loan Documents, and not turned over to the Receiver. Those rents are the Lender's cash collateral. There has to date been no explanation for the whereabouts of the great bulk of that money.

   (b) The Debtor's security deposit account should have held approximately $68,840, but the Debtor (through its former management company) turned over only $39,470 in deposits to the Receiver, with no explanation for the deficiency.

   (c) The Debtor's former management company (before the Receiver took possession) allegedly had an employee who was embezzling rents. Whatever the merits to those allegations, there is no indication that any such embezzlement explains the entirety of the missing rents. Further, although the evidence available to the Lender does *not* suggest the Debtor's principals or insiders had any part in that misfeasance had their oversight been less lackadaisical they arguably could have prevented it, or discovered it long before they did.

  6. In an abundance of caution and to obey the *Ex Parte* Order, the Lender also seeks relief from stay to the extent the Bankruptcy Court deems it necessary.[1]

WHEREFORE, Lender respectfully requests as follows:

   (i) that the Court issue an Order excusing the Receiver from turning over the Property that is the subject of its receivership; and

   (ii) that the Court grant such other and further relief as is deemed just and proper.

---

[1] A motion to excuse receiver from turning over property under Section 543 is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(E). The Court has full authority to order the relief and a concurrent motion for relief from stay is not required under the Bankruptcy Code. Having said that, the *Ex Parte Order*, which is a state court judicial form, orders the plaintiff to request both relief from stay and relief from turnover in order for a receiver to retain possession pending the outcome of the Section 543 hearing. Under the Bankruptcy Code requesting both is not necessary, but Lender in an abundance of caution and to obey the *Ex Parte* Order also seeks relief from stay to the extent the Bankruptcy Court deems it necessary. If the Bankruptcy Court requires a separate, formal relief from stay motion to be filed, the Lender will oblige.

| | |
|---|---|
| DATED: August 29, 2011. | PERKINS COIE LLP |
| | By: /s/ Alan D. Smith |
| | Alan D. Smith |
| | Jeffrey S. Goodfried |
| | Attorneys for U.S. Bank National Association, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2004-C14 |

6/25/04

7/

## EXHIBIT A

## LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows

PARCEL 1

Lot 1 of Tract No 24375, in the city of Los Angeles, as per map recorded in Book 681 Pages 16 and 17 of Maps, in the office of the county recorder of said county

PARCEL 2

That portion of Lot 3 and Weddington Street, 50 00 feet wide, formerly Loma Drive, as vacated by the city of Los Angeles, Ordinance No 98,533, in document recorded in Book 21065 Page 281 Official Records, all in Tract No 1201, in the city of Los Angeles, as per map recorded in Book 17 Page 181 of Maps, in the office of the county recorder of said county, described as follows

Commencing at the centerline intersection of Sepulveda Boulevard, and Weddington Street 50 feet wide, thence North 89 degrees 57' 58" West along the center line of Weddington Street a distance of 779 19 feet to a point hereafter known as point "A", the true point of beginning, thence North 89 degrees 57' 58" West a distance of 40 feet, more or less, thence North 16 degrees 20' 15" East 145 86 feet, more or less, to a point of intersection with a line bearing North 0 degrees 25' 21" East a distance of 140 00 feet from the herebefore said Point "A", thence South 0 degrees 25' 21" West 140 00 feet to the true point of beginning

PARCEL 3

That portion of Lot 4 of Tract No 1201, in the city of Los Angeles, as per map recorded in Book 17 Page 181 of Maps, in the office of the county recorder of said county, described as follows

Beginning at the Northerly terminus of that curve described as course (22) and as having a length of 849 88 feet in Deed (State Parcel 2150) recorded May 8, 1957 in Book 54439 Page 202 of Official Records, in the office of the county recorder of said county, thence North 26 degrees 05' 54" East, 293 12 feet to a point in that course described as South 18 degrees 00' 00" West, 480 00 feet in the boundary of that certain parcel of land acquired by the state of California and described in deed (State Parcel 1501) recorded July 10, 1951, in Book 36724 Page 242 of said Official Records, distant along said course North 18 degrees 00' 00" East, 420.58 feet from the Southerly terminus of said course, thence along said boundary, on a different basis of bearing, the following two courses, (1) South 17 degrees 59' 55" West, 420 58 feet (2) North 00 degrees 25' 22" East 136 77 feet to the point of beginning

EXCEPT all oil, oil rights, minerals, mineral rights, natural gas, natural gas rights and other hydrocarbons, by whatsoever name known that may be within or under said land, without however, the right over to drill, dig or mine through the surface of said land therefor, or otherwise develop same in such manner as to endanger the safety of any highway that may be constructed on said land, as reserved in the deed from Marie Baker recorded July 10, 1951 as Instrument No 3364, in Book 36724 Page 242 of Official Records

NY 871248.3

04 1630654