TERRY D. SHAYLIN (Bar No. 242094)
**KARASIK LAW GROUP, LLP**
555 West 5th Street, Floor 31
Los Angeles, CA 90013
Telephone (213) 623-9200
Facsimile (213) 623-9323

(Proposed) Attorneys for Summer View Sherman Oaks, LLC, Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**SUMMER VIEW SHERMAN OAKS, LLC.,**<br>a Delaware limited liability company,<br><br>Debtor and Debtor-in-Possession | Case No. 1:11-bk-19800-AA<br><br>Chapter 11<br><br>**DEBTOR SUMMER VIEW SHERMAN OAKS, LLC'S MOTION FOR AN ORDER TO COMPEL THE STATE COURT APPOINTED RECEIVER TO TURN OVER THE PROPERTY OF THE DEBTOR PURSUANT TO SECTIONS 543 (a) AND (b) OF THE UNITED STATES BANKRUPTCY CODE**<br><br>**[Filed concurrently with Memorandum of Points and Authorities; Request for Judicial Notice; Declarations of Sonia Sobol; Olga A. Karasik; and Terry D. Shaylin in support thereof]**<br><br>Date:    September 28, 2011<br>Time:   10:00 a.m.<br>Place:   Courtroom 303<br>21041 Burbank Blvd.<br>Woodland Hills, CA |

TO: THE HONORABLE ALAN M. AHART, THE UNITED STATES TRUSTEE, THE TWENTY LARGEST UNSECURED CREDITORS, SECURED CREDITOR, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL TRUST, COMMERCIAL MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2004-C14 ("USB"), and OTHER INTERSTED PARTIES:

Comes now SUMMER VIEW SHERMAN OAKS, LLC, a Delaware limited liability company, the debtor and debtor in possession, ("Debtor"), by and through its proposed attorney moves the Court pursuant to 11 U.S.C. §543(a) and (b) for an order compelling a state court appointed receiver, Clyde Holland, to turn over the property of the Debtor as grounds therefore states as follows:

1. On August 28, 2011, the Superior Court of California, County of Los Angeles, appointed on an ex parte basis Clyde Holland of Holland Residential as a receiver (the "Receiver") of the 169-unit apartment building of the Debtor located in Los Angeles County at 15353 Weddington Street, Sherman Oaks, CA 91411 (the "Property").

2. The Receiver is located in the city of Vancouver, State of Washington.

3. Immediately upon his appointment, the Receiver hired an affiliated management company, Holland Residential (California), Inc. ("HRC"), to manage the Property, appointed a manager located in the State of Washington to be in charge of the management of the Property, and retained the law firm of Duane & Morris, LLP ("Duane Morris") to represent the Receiver and the management company.

4. On August 15, 2011, the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code.

5. Sections 543(a) and (b) of the Bankruptcy Code mandate that on the date the custodian acquires knowledge of the commencement of the case, the custodian shall deliver to the Trustee (Debtor) any property held or transferred to such a custodian.

6. On August 28, 2011, secured creditor U.S. Bank N.A. (U.S. Bank) filed its Motion for 111 U.S.C. 543 (d)(1) Relief for Turnover of Property (and to the extent necessary from relief from automatic stay) on the grounds that (a) the Debtor could not account for $300,000 in rent allegedly collected during pre-receivership period; (b) the

Debtor though its formed management company turned over only $39,470 in deposit to the receiver, when the amount should be $68,840; (c) the debtor's former management company had employee why was embezzling the rent, the debtor could have discovered or prevented embezzlement long before they did.

7. From the time of acquisition of the Property in 2005 to the present, the Property was under the management of the professional management companies.

8. At no time did the debtor or any of his agents have any access to the property trust accounts held exclusively in the name of the management companies.

9. Pursuant to the provision of the loan documents, the debtor cannot change a management company without approval of the lender.

10. There is no evidence of any mismanaging or questionable business practices of the Debtor that can be a ground for taking the Debtor out of possession.

11. At no time had the Debtor access to any security deposits. At all times all security deposits were held exclusively by the management companies.

12. Neither debtor no its agents ever had any access to any of the bank accounts for the Property maintained by the management companies.

13. When the debtor became concerned about the management company, which employee allegedly embezzled the rent, the Debtor requested U.S. Bank's approval to immediately terminate that management company and to replace it with the reputable management company, which management team successfully managed the same Property for many years.

14. U.S. Bank adamantly refused to do so, and forced the Debtor to keep the Property under the management of alleged embezzlers for another one and a half month.

15. The interest of the creditors will be better served by compelling Receiver to turn over the Property because keeping out of state Receiver and his management

company causes significant administrative expenses, including attorney fee incurred by the receiver and his management company.

16. The interests of the creditors will be better served if the Property will be managed by a professional, reputable local management company with the office and management located in the County of Los Angeles.

17. The Debtor shortly will be filing an Application to employ a reputable local management company located in Los Angeles County with great experience of managing apartment buildings in San Fernando Valley, where the Property is located.

18. There was no necessity to appoint a receiver and his management company in the first place, had the U.S. Bank approved appointment of the reputable local management company in March 23, 2011, when the debtor requested it.

WHEREFORE, Debtor respectfully requests as follows:

(1) That the Court issue an Order to compel the Receiver to turn over the Property of the Debtor; and

(2) That the Court grant such other and further relief as is deemed just and proper.

I

Dated: September 7, 2011                          KARASIK LAW GROUP, LLP


By:_____

TERRY D. SHAYLIN, ESQ.

(Proposed) Attorney for Summer View Sherman
Oaks, LLC, Debtor and Debtor in Possession

DEBTOR SUMMER VIEW SHERMAN OAKS, LLC'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO
COMPEL THE STATE COURT APPOINTED RECEIVER TO TURN OVER THE PROPERTY OF THE DEBTOR
PURSUANT TO SECTION 543 (a) AND (b) OF THE UNITED STATES BANKRUPTCY CODE

| In re: | | CHAPTER: 11 |
|---|---|---|
| Summer View Sherman Oaks, LLC | | |
| Debtor(s) and Debtor-in-Possession. | | CASE NUMBER: 1:11-bk-19800-AA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 555 West 5th Street, Floor 31, Los Angeles, CA 90013.

A true and correct copy of the foregoing document described as **DEBTOR SUMMER VIEW SHERMAN OAKS, LLC'S MOTION FOR AN ORDER TO COMPEL THE STATE COURT APPOINTED RECEIVER TO TURN OVER THE PROPERT OF THE DEBTOR PURSUANT TO SECTIONS 543(a) AND (b) OF THE UNITED STATES BANKRUPTCY CODE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 7, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on

| | |
|---|---|
| Margaux Ross | margaux.ross@usdoj.gov |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |
| Alan D Smith | adsmith@perkinscoie.com |
| Phillip K Wang | pwang@duanemorris.com, jnazzal@duanemorris.com |

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served) **On September 7, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on

The Honorable Alan M. Ahart
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 7, 2011 | Jennifer Min | /s/ Jennifer Min |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | |
|---|---|
| Summer View Sherman Oaks, LLC | CHAPTER: 11 |
| Debtor(s) and Debtor-in-Possession. | CASE NUMBER: 1:11-bk-19800-AA |

## ADDITIONAL SERVICE INFORMATION

**Served by U.S. Mail**

**Debtor**
Summer View Sherman Oaks, LLC
15353 Weddington Street
Sherman Oaks, CA 91411

Margaux Ross, Esq.
Office of The United States Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

Alan D. Smith
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

Phil Wang, Esq. and Phillipe Toudic, Esq.
Duane Morris LLP
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1127

Mark Birnbaum, Esq.
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067

California State Board of Equalization
PO Box 942879
Sacramento, CA 94279

County of Los Angeles
Treasurer & Tax Collector PO Box 54027
Los Angeles, CA 90054-0027

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280

Franchise Tax Board
Bankruptcy Unit
PO Box 2952
Sacramento, CA 95812

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | | |
|---|---|---|
| Summer View Sherman Oaks, LLC | | CHAPTER: 11 |
| Debtor(s) and Debtor-in-Possession. | | CASE NUMBER: 1:11-bk-19800-AA |

Carol R. Hamilton
317 S. Brand Blvd.
Glendale, CA 91204

Internal Revenue Service
Insolvency Unit
PO Box 7346
Philadelphia, PA 19101-7346

LA County Tax Collector
Bankruptcy Unit
2615 South Grand
Los Angeles, CA 90807-2608

Los Angeles City Clerk
PO Box 53200
Los Angeles, Ca 90052-0200

Gabriel Liao
Perkins Coie, LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067

Leo G. O'Biecunas Jr. and Thomas Zide
Zide & O'Biecunas LLP
14545 Victory Bl 404
Van Nuys, CA 91411

Sonia Sobol
921 N. Ogden Drive #6
West Hollywood, CA 90046

Sam Stern
CWCapital Asset Management LLC
7501 Wisconsin Avenue, Suite 500
Bethesda, MD 20814

Robert J. Stoll, Jr.
Stoll, Nussbaum & Polakov
11601 Wilshire Boulevard, Suite 200
Los Angeles, CA 90025-1738